## No. 10,131.

### Successions of R. H. and Sarah J. Haile.

#### On Opposition to Account of Administrator.

An heir. to whom slaves have been donated, is bound to collate the value of the same, although slavery was subsequently abolished.

The circumstance that no act of donation was executed at the time will not relieve the heir from the obligation of collating, where the donation is admitted by such heir and no one disputes his title, and the slaves, at the opening of the succession of the donor, were not returned as its property, but were retained by the donee.

Collation takes place in all cases in which the donation was not made *hors part*, or as an extra advantage, or part.

Payments made by a father and tutor to the husband of his daughter will not be considered as donations subject to collation, where it appears that, at the settlement of a succession in which the daughter was an heiress, the father and tutor retained in his possession the hereditary share of that daughter, then a minor under his tutorship, such share nearing the amounts paid the husband, the difference being easily accounted for.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

---

*Wickliffe & Fisher* for Opponent and Appellant.

*W. W. Leake* for the Administrator, Appellee.

---

The opinion of the Court was delivered by

Bermudez, C. J. The questions presented are simply :

1. Whether an *item* of $6000 placed on the administrator's account as an amount to be collated by one of the heirs (Mrs. Stewart) should be stricken therefrom ;

2. Whether a sum of $4000, not mentioned in said account, should be stated therein as to be collated by another heir (Mrs. Mumford).

Those matters are presented by the opposition of Mrs. Stewart, to which Mrs. Mumford joined issue by answer.

From a judgment dismissing the opposition this appeal is taken.

## I.

The evidence shows that Mrs. Stewart received, at different times, several slaves, valued together at $6000.

This appears from the inventory and from an averment in the opposition.

It is true that the inventory is not signed by Mrs. Stewart; but this is immaterial, as she admits the fact in her opposition to the account.

There is nothing to show that she has collated in kind by returning the slaves to the succession, and it does not appear that they were sold as part of the assets thereof. The circumstance that she never received any *written* title to the slaves is insignificant, as no one disputes her rights to them and she has apparently acted as their owner.

She charges, however, in her opposition that she is not liable for the value of those slaves and is not bound to collate the same, but there is no reason assigned to support the correctness of this position.

If she was once the owner of the slaves, the fact that they were subsequently emancipated does not relieve her from the obligation of collating. Ventress vs. Brown, 34 Ann. 457.

It does not appear that the slaves were donated *hors part*, or as an extra part, or advantage. R. C. C. 1231 (1309).

There is evidence that she was also donated a judgment for $6000 against her husband, who then owned some real estate worth about half that sum.

It is not, however, shown that the property was unencumbered and that the execution of the judgment could have realized anything from it. Neither is there proof that the judgment was ever satisfied to any extent.

## II.

As to the claim that Mrs. Mumford ought to be made to collate $4000, which her husband received from her father for her account, the record shows that the sum was thus paid in two installments; that afterwards she recovered judgment against her husband for that amount in a suit for a separation of property.

There is nothing to show that these sums were donated to her by her father.

The inference is to the contrary; for it appears that, at the settlement which followed the partition of the property inherited by the heirs, the share of Alice M. Haile, who was then a minor, and who subsequently married F. M. Mumford, amounted in cash and notes to $3689, which were retained by her father and tutor, who, after her

marriage, settled and paid the amount with some interest accrued to her husband. This explains the payment of the $4000 just mentioned.

The opposition was properly dismissed.

Judgment affirmed.